UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TALLADEGA COUNTY COMMISSION, *et al.*, <br> *Plaintiffs,* <br> v. <br> CITY OF LINCOLN, *et al.*, <br> *Defendants*. | Civil Action No. <br> 1:15-cv-02337-KOB |

**MOTION TO DISMISS DEFENDANTS BENTLEY, STRANGE, AND WHITE**

Defendants Robert Bentley, in his official capacity as Governor of the State of Alabama; Luther Strange, in his official capacity as Attorney General of the State of Alabama; and Thomas White, in his official capacity as Comptroller of the State of Alabama, move this Court under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss them as defendants in this litigation.

## I. The Tax Injunction Act

The Governor, Attorney General, and Comptroller adopt and incorporate by reference the arguments made by the Alabama Department of Revenue in its separate motion to dismiss; namely, that the Tax Injunction Act, 28 U.S.C. § 1341, deprives this Court of subject-matter jurisdiction to hear the claims in this case.

1

## II. Plaintiffs Lack Standing to Bring Claims against the Governor, Attorney General, and Comptroller

In addition to bringing suit in the wrong court, the plaintiffs have also brought it against the wrong defendants. For the reasons below, Governor Bentley, Attorney General Strange, and Comptroller White are all improper defendants in this suit.

### A. Sovereign & Eleventh Amendment Immunity

First, Eleventh Amendment immunity makes Governor Bentley, Attorney General Strange, and Comptroller White improper defendants in this lawsuit. The Eleventh Amendment prohibits "suit[s] . . . commenced or prosecuted against one of the United States," and the Supreme Court has included within the scope of that immunity "suits against state officials where the state is, in fact, the real party in interest." *Summit Med. Assocs. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984)). One key consideration in determining the doctrine's applicability is whether the state official being sued has a sufficient "connection" to enforcement of the act under review:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Id.* at 1341 (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). A plaintiff may sue state officers "only when those officers are 'responsible for' a challenged action and

have 'some connection' to the unconstitutional act at issue." *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) (quoting *Luckey v. Harris*, 860 F.2d 1012, 1015-16 (11th Cir. 1988)). Relevant here, "[a] governor's 'general executive power' is not a basis for jurisdiction in most circumstances." *Id.* (citing *Harris v. Bush*, 106 F. Supp. 2d 1272, 1276-77 (N.D. Fla. 2000)). The plaintiffs challenge "the acts of the defendant state officials in enforcing and perpetuating [this] scheme of taxation," doc. 1 at ¶ 36, but make no showing that the Governor, Attorney General, or Comptroller has any role whatsoever in those activities.

### 1. *Governor Bentley and Attorney General Strange*

Neither the Governor nor the Attorney General has any direct enforcement responsibilities with respect to Alabama's municipal tax laws. *See* Ala. Code §§ 11-51-200 *et seq.* (granting local governments authority to assess and levy certain taxes within their city or town and its police jurisdiction). The complaint cites Governor Bentley's "supreme executive power," and Attorney General Strange's authority to "appear in any case in which the state may be interested in the result" as the bases for naming them as defendants. Doc. 1 at ¶¶ 8-9. The Eleventh Circuit has rejected such general authority as a sufficient basis to confer jurisdiction. *See Women's Emergency Network*, 323 F.3d at 949. Under similar circumstances, other federal district courts in Alabama have very recently relieved both officials from suit. *See Doe v. Alabama*, 2015 WL 926101 at *5-*6 (N.D. Ala. March 4, 2015) (dismissing

Governor Bentley as an improper defendant), *see also Hughley v. Lee County, Ala.*, 2015 WL 2168964 at *2 (M.D. Ala. May 8, 2015) (failure to allege conduct committed by Attorney General resulted in failure to state a claim against him). This Court should do the same.

### 2. *Comptroller White*

Plaintiffs name Comptroller White as a defendant on similar grounds. They allege the state Comptroller "has direction, supervision and control of the… accounts of the State of Alabama Finance Department," which disburses funds collected by the Department of Revenue, "including the funds collected pursuant to the taxes at issue in this case." *See* doc. 1 at ¶ 11. Even so, this general "control" over the state's bank accounts falls short of control over the administration of the taxes Plaintiffs object to here. The Comptroller acts as a pass-through for the funds collected by the Department of Revenue to be returned to the City of Lincoln. He can disburse from the State Treasury only the amount certified by the Department of Revenue as having been collected pursuant to Lincoln's sales tax. *See* Ala. Code § 11-51-208(b)(1). And even then, he must disburse it back to the appropriate local official in the City of Lincoln on a biweekly basis. *See id.* He plays no role in the tax's collection; he simply ensures that the taxes collected on behalf of the city are returned to it, and not improperly kept in the State Treasury.

4

### B. Plaintiffs Have Failed to Allege Causation or Redressability against the Defendant State Officials.

Although the plaintiffs' claims against the Governor, Attorney General, and Comptroller are barred by the Eleventh Amendment, they also lack standing to bring those claims for two other closely-related reasons: they have not alleged any injury caused by the defendant state officials, and they have not sought any relief from those officials. If the three essential elements of standing are (1) injury in fact, (2) caused by the defendant, and (3) redressable through a favorable decision, plaintiffs are completely missing two-thirds of the necessary elements for naming the Governor, Attorney General, and Comptroller as defendants. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting out injury, causation, and redressability as the "irreducible constitutional minimum" to establish standing against a defendant).

In their section on causation, plaintiffs purport to challenge "the acts of the defendant state officials in enforcing and perpetuating [Lincoln's] scheme of taxation." *See* doc. 1 at ¶ 36. They claim that their injuries "are fairly traceable to the perpetuation of a taxing scheme that allows municipal governments to impose sales taxes on residents [in Lincoln's police jurisdiction]." Doc. 1 at ¶ 38. But as noted above, they make no mention of any actions taken by the Governor, Attorney General, or Comptroller *at all*, let alone actions that could be construed as "perpetuating" Lincoln's tax scheme. "Article III standing requires 'a causal

5

connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of [a] third party.'" *Hollywood Mobile Estates, Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) (quoting *Lujan*, 504 U.S. at 560-61). Without having taken any action in relation to the plaintiffs, it is axiomatic that the state officials could not have *caused* the plaintiffs' alleged injuries. *See Doe v. Pryor*, 344 F.3d 1282, 1285 (11th Cir. 2003) ("Because there is no 'challenged action' by the Attorney General, [plaintiff's] injuries are not 'fairly traceable' to the [] defendant before the Court.").

Furthermore, the plaintiffs have not shown that the Governor, Attorney General, or Comptroller could *redress* their alleged injuries. They purport to seek three types of relief: (1) reimbursement of taxes paid to the City of Lincoln, (2) a declaration from this Court that the Alabama Code section that allows for taxation within a city's police jurisdiction (Ala. Code § 11-51-206) violates the Equal Protection Clause of the Fourteenth Amendment, and (3) an injunction against its enforcement within the police jurisdiction of the City of Lincoln. *See* doc. 1 at ¶ 50. None of this relief would come from the Governor, Attorney General, or the Comptroller.

As noted above, the Governor and Attorney General play no direct role in tax assessments. There is no action they could take or be enjoined from taking that

6

would make any difference to plaintiffs' situation. *See Doe* at 1286 (declining to find standing where "[n]othing the Attorney General could be ordered to do or refrain from doing would redress the injuries [the plaintiff] alleges."). And the Comptroller, while ultimately "in charge" of the state's bank accounts, plays no role in collecting the challenged taxes. Nor does he have discretion in the ultimate disbursement of funds collected pursuant to Lincoln's local taxes. He serves only as a temporary custodian for such tax monies already collected – by law, the sum certified by the Department of Revenue is disbursed to the City of Lincoln's own municipal treasury every two weeks. *See* Ala. Code §§ 11-51-208(b)(1), 11-51-183(a). Because Lincoln's municipal treasury is the ultimate repository for taxes at issue here, reimbursement of monies paid would necessarily come from the city's own accounts, rather than the state accounts overseen by the Comptroller. Consequently, even if this Court awarded plaintiffs all the relief they seek, the Governor, Attorney General, and Comptroller would not be involved in providing any of it. *See Lujan*, 504 U.S. at 571 (standing is not established where redress of the plaintiff's alleged injury could only be afforded by a party other than the defendant).

In short, the plaintiffs have not shown how the Governor, Attorney General, or Comptroller *caused* their alleged injuries or how they could *redress* them. Without more, the plaintiffs have not established standing to pursue their claims against these state officials.

### III.  *Conclusion*

For the reasons stated above, the plaintiffs' claims against the Governor, Attorney General, and Comptroller are due to be dismissed.

        Respectfully submitted,
        LUTHER STRANGE
          *Attorney General*

        <u>s/ Laura E. Howell</u>
        James W. Davis (ASB-4063-I58J)
        Laura E. Howell (ASB-0551-A41H)
          *Assistant Attorneys General*

        STATE OF ALABAMA
        OFFICE OF THE ATTORNEY GENERAL
        501 Washington Avenue
        Montgomery, Alabama 36130-0152
        (334) 242-7300
        (334) 353-8440 (fax)
        jimdavis@ago.state.al.us
        lhowell@ago.state.al.us

        **Attorneys for Governor Bentley, Attorney General Strange, and Comptroller White**

**OF COUNSEL:**

Bryan Taylor
Richard Cater
ALABAMA DEPARTMENT OF FINANCE
LEGAL DIVISION
600 Dexter Avenue, Ste. E-306
Montgomery, Alabama 36130
(334) 242-4220
bryan.taylor@finance.alabama.gov
richard.cater@finance.alabama.gov

**Additional Counsel for Comptroller Thomas White**

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2016, I electronically filed the foregoing document using the Court's CM/ECF system which will send notification of such filing to the following persons:

James M. Sizemore, Jr.
ATTORNEY AT LAW
6732 Highway 63 South
Alexander City, AL 35010-6170
(256) 409-1985
JamesMSizemore1@gmail.com

Barry D. Vaughn
PROCTOR & VAUGHN, LLC
201 North Norton Avenue
P.O. Box 2129
Sylacauga, AL 35150
(256) 249-8527
BDV@PandV.net

David Avery
Christy Edwards
STATE OF ALABAMA
DEPARTMENT OF REVENUE
Legal Division
50 N. Ripley Street
Montgomery, AL 36104
(334) 242-9690
david.avery2@revenue.alabama.gov
christy.edwards@revenue.alabama.gov

James W. Porter, II
PORTER, PORTER & HASSINGER, PC
215 Richard Arrington Jr. Blvd. N
Suite 1000
Birmingham, AL 35201-0128
(205) 322-1744
jwporterii@pphlaw.net

s/Laura E. Howell
Counsel for Defendants Bentley, Strange, and White