
FILED
2016 Jan-25 PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TALLADEGA COUNTY COMMISSION, *et. al.*, | |
| Plaintiffs, | CV 15-BE-2337-E |
| v. | |
| CITY OF LINCOLN, *et. al.*, Defendants. | |

## **DEFENDANT'S MOTION TO DISMISS**

Challenges to state and local taxes do not belong in federal court. Plaintiffs bring this action to have this Court enjoin the imposition and collection of a local sales tax that is authorized by Alabama law upon consumers within the police jurisdiction of the City of Lincoln, Alabama – but the Tax Injunction Act prevents federal courts from enjoining the imposition and collection of state taxes so long as the party challenging the tax has an adequate remedy in state court. As the federal courts within Alabama and the 11th Circuit have repeatedly recognized, Alabama's administrative and judicial processes are the appropriate forum to litigate disputes, including constitutional challenges, arising from the imposition and collection of state and local Alabama taxes. Therefore, Julie P. Magee as Commissioner of the Alabama Department of Revenue, and in her capacity as administrator and supervisor of the taxes levied, assessed, and collected, in the police jurisdiction of the City of Lincoln, hereby moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. As explained in the following incorporated Memorandum of Law, the Complaint should be

dismissed in its entirety because Plaintiffs' claims are barred by the Tax Injunction Act and the principles of federal/state comity underlying the Tax Injunction Act.

**MEMORANDUM OF LAW**

1. Allegations in the Complaint

On December 29, 2015, Plaintiffs filed a Complaint in this Court. Construed liberally, the Complaint asserts that Alabama laws which permit a municipality to implement a sales and use tax outside of its municipal limits but within its police jurisdiction violate the equal protection clause of the 14th Amendment to the United States Constitution. They assert that as to the residents who live in the police jurisdiction, the tax is improper because they have no right to vote in the elections of the City of Lincoln which imposes the tax upon them. In essence, they assert that the tax within the police jurisdiction is unconstitutional because it amounts to taxation[1] without representation.

Count One requests that this Court declare the sales tax imposed within Lincoln's police jurisdiction unconstitutional, enjoin the Defendants from enforcing the sales tax

---

[1] On its surface, the claim of *taxation without representation* sounds like a recognizable claim but the Plaintiff's argument is deeply flawed. Sales and use taxes imposed by Alabama law are a tax on the purchaser and remitted by the retailer to the jurisdictions in which the sale is closed. The purchaser's residence, where they vote, or even if they can vote, is just not relevant to the imposition of this tax. Assume for example, that a resident of Auburn drives to Talladega County and purchase a University of Alabama National Championship hat (they are not available in Auburn). Because that resident of Auburn can't vote in Talladega County elections, does that make the transaction exempt from Talladega County sales tax? Of course not. If that was the law, corporations (who can't vote anywhere) would be exempt from all sales and use tax imposed in Alabama.

within Lincoln's police jurisdiction and order tax refunds[2] of all sales taxes collected within Lincoln's police jurisdiction to Plaintiffs.

Count two asserts that the City of Lincoln imposed business license fee and collection practices upon a certain individual without statutory authority. They ask for refund of the improperly imposed fee and a recovery of lost profits. Both Count One and Count Two request the recovery of attorney fees through 42 U.S.C. § 1988[3].

2. <u>The Tax Injunction Act</u>.

Under the Tax Injunction Act (hereafter the "TIA"), district courts are prohibited from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. §1341. Rather than confer jurisdiction, the TIA "limits jurisdiction which might otherwise exist," and "was intended to prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes." <u>Osceola v. Fla. Dep't of Revenue</u>, 893 F.2d 1231, 1232-33 (11th Cir. 1990). The United States Supreme Court has "interpreted and applied the TIA as a jurisdictional rule and a broad jurisdictional barrier." <u>Arkansas v. Farm Credit Servs. of Cent. Arkansas</u>, 520 U.S. 821, 826 (1997) (quotations omitted)

---

[2] Although not relevant to this Motion, the Complaint fails to state a claim upon which relief can be granted regarding these refunds because various jurisdictional requirements of the Taxpayers' Bill of Rights [Ala. Code §40-2A-1 et. seq.] were not properly pleaded or otherwise met.

[3] Attorney fees would appear to be precluded against these defendants. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 258, 109 S.Ct. 2307, 105 L.Ed.2d 45 (1989)

The TIA bars the exercise of federal jurisdiction if these two requirements are met: (1) the relief requested by the plaintiff would enjoin, suspend, or restrain a state tax assessment, and (2) the state affords the plaintiff a plain, speedy, and efficient remedy. Williams v. City of Dothan, Ala., 745 F.2d 1406, 1411 (11th Cir. 1984). The burden is on the plaintiff to show facts sufficient to overcome the TIA's jurisdictional bar. Amos v. Glynn Cty. Bd. of Tax Assessors, 347 F.3d 1249, 1256 (11th Cir. 2003), abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517 (2005). In light of the TIA's overarching purpose to impede federal court interference with state tax systems, the Act has been construed broadly. A Bonding Co. v. Sunnuck, 629 F.2d 1127, 1133 (5th Cir. 1980).[4]

3. Application of the TIA to the relief requested.

The Plaintiffs Complaint at averment 50 asks that this Court "**declare** that the provisions of §11-51-206 (1975) that allow Lincoln to impose taxes … violate [the U.S. Consitution] … and to **enjoin** the defendants from applying or enforcing [the sales tax laws] in the police jurisdiction of Lincoln." [emphasis added] This plainly requests relief that would enjoin, suspend, or restrain a tax assessment and thus meets the first requirement of the TIA bar. See 28 U.S.C. §1341; Osceola, 893 F.2d at 1233. The TIA also prohibits the declaratory relief. California v. Grace Brethren Church, 457 U.S. 393,

---

[4] In Bonner v. City of Prichard, the 11th Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down on or before September 30, 1981. Bonner, 661 F.2d 1206, 1209 (11th Cir. 1981).

411, 102 S.Ct. 2498, 2509 (1982) ("[B]ecause Congress' intent in enacting the Tax Injunction Act was to prevent federal-court interference with the assessment and collection of state taxes, we hold that the [Tax Injunction] Act prohibits declaratory as well as injunctive relief.")

The Plaintiffs Complaint at averment 46-49 and at page 17 part "V" asks that this Court award the Plaintiffs certain "damages" which could just as well be referenced as tax refunds. Again the TIA bars this relief because a monetary award against the state or its tax administrators would have the same detrimental effect on the state as equitable relief, and would dampen state tax collectors. See A Bonding Co., 629 F.2d at 1132-33 (concluding the TIA deprives district courts of jurisdiction over claims for money damages based on the unconstitutionality of the city tax and the tortious nature of its enforcement). In A Bonding Co., the former Fifth Circuit noted that "[a] federal court suit for damages against a state tax administrator … would have many of the same detrimental effects that actions for tax refund, declaratory, or injunctive relief would have. Although the federal court's decision in such a case technically would bind only the immediate parties, as a practical matter it would undoubtedly dampen future state collection efforts." Id.[5]

While the Supreme Court has declined to address whether the TIA alone acts as a jurisdictional bar to all requests for damages, it has concluded that comity, also referred to as the doctrine of equitable restraint, bars federal-court jurisdiction over a 42 U.S.C. § 1983

---

[5] The former Fifth Circuit did stop short of determining whether the TIA precludes all suits for damages against administrators of state and local taxes. See A Bonding Co., 629

action for damages arising from a state tax system. See Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 107, 102 S. Ct. 177, 181 (1981) ("Because we decide today that the principle of comity bars federal courts from granting damages relief in such cases, we do not decide whether [the TIA], standing alone, would require such a result."). The Supreme Court explained that a damages award under § 1983 against individual state tax officials would first require a federal-court declaration that those officials, in administering a state tax, violated the plaintiff's constitutional rights. Id. at 113-14, 102 S. Ct. at 184-85. A damages award also would have the practical effect of halting the operation of the state's tax scheme because "such officials, faced with the prospect of personal liability to numerous taxpayers, not to mention the assessment of attorney's fees under 42 U.S.C. § 1988, would promptly cease the conduct found to have infringed the petitioners' constitutional rights, whether or not those officials were acting in good faith." Id. at 115, 102 S. Ct. at 185. Thus, taxpayers seeking to challenge the validity of a state tax system under federal law must pursue state remedies to do so, provided that the state remedies are "plain, adequate, and complete." Id. at 116, 102 S. Ct. at 186.

The 11th Circuit has explicitly relied on both the TIA and comity to conclude that a district court lacked subject matter jurisdiction in a state-tax dispute requesting damages and declaratory relief. See Noble v. Joint City-Cty. Bd. of Tax Assessors of Fulton Cty., 672 F.2d 872, 873-75 (11th Cir. 1982). And in § 1983 actions for damages for alleged constitutional violations, the 11th Circuit either based its decision solely on principles of comity or determined that the suit was "in essence an action for the refund of taxes." See

---

F.2d at 1132-33.

e.g., Ayers v. Polk Cty., Ga., 697 F.2d 1375, 1376-77 (11th Cir. 1983); Moss v. Georgia, 655 F.2d 668, 669 (5th Cir. Unit B Sept. 11, 1981).

As the Supreme Court has explained, even in situations where the TIA does not explicitly "bar federal court interference in state tax administration, principles of federal equity may nevertheless counsel the withholding of relief." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 525 n. 33 (1981). Importantly, "[c]omity's constraint has particular force when lower courts are asked to pass on the constitutionality of state taxation of commercial activity," Levin v. Commerce Energy, Inc., 130 S. Ct. 2323, 2334 (2010) In general, federal courts should and do avoid interfering with state taxation schemes. See Colonial Pipeline Co. v. Collins, 921 F.2d 1237, 1242 (11th Cir. 1991).

   4. Alabama's Remedies for Taxpayers.

Before the TIA bar applies, however, the state must meet "certain minimal procedural criteria" in providing a "plain, speedy, and efficient" remedy. See Grace Brethren Church, 457 U.S. at 411, 102 S. Ct. at 2509 (quotation marks omitted). In particular, the remedy must provide the taxpayer with a "full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." Id. (quotation marks omitted). The state remedy, however, need not "be the best remedy available or even equal to or better than the remedy which might be available in the federal courts." Bland v. McHann, 463 F.2d 21, 29 (5th Cir. 1972).[6]

---

[6] The Supreme Court has found "no significant difference" between the TIA's requirement for a "plain, speedy and efficient" state remedy and comity's requirement for

Under Alabama law, taxpayers may petition for a refund of taxes paid to the state and may appeal the denial of such petitions and raise federal constitutional challenges to state taxes in the state courts. See, e.g., AT&T Corp. v. Surtees, 953 So. 2d 1240, 1243-46 (Ala. Civ. App. 2006) (overturning the trial court's dismissal of the plaintiff's constitutional claims against an Alabama state tax assessment); see also Ala. Code § 40-2A-7(b)(4)-(5). A state scheme requiring a taxpayer to pay the contested tax and then seek a refund through state administrative and judicial procedures was deemed sufficient by the Supreme Court. See Roswell v. LaSalle Nat'l Bank, 450 U.S. 503, 522-28, 101 S. Ct. 1221, 1233-37 (1981). Alabama state courts also provide a venue for bringing federal challenges in tax refund actions. See AT&T Corp., 953 So.2d at 1243.

Alabama's tax appeals process has been held to provide a plain, speedy, and efficient remedy within the meaning of the TIA. Lasker Boiler & Eng'g Corp. v. Hamm, 328 F.2d 429, 429-30 (5th Cir. 1964). In Lasker, Alabama's appeals process was deemed sufficient even though the plaintiff's attempt to appeal a tax assessment under state law was dismissed as untimely because the taxpayer appealed on the 31st day. See id.

A taxpayer also may file a declaratory judgment action in state court pursuant to the Alabama Declaratory Judgment Act. See Ala. Code §§ 6-6-220-232; Rabren v. Mudd, 234 So. 2d 549, 285 Ala. 531 (Ala. 1970) (involving taxpayer's declaratory judgment action against the ADR and two agents asserting that the plaintiff was not domiciled in Alabama and thus not required to file an Alabama income tax return); Gibbs v. Cochran,

---

a "plain, adequate and complete" state remedy. See McNary, 454 U.S. at 116 n.8, 102 S.Ct. at 186 n.8.

198 So. 2d 607, 608, 281 Ala. 22, 25 (Ala. 1967) (stating that "controversies touching the legality of acts of public officials or public agencies" are properly brought in declaratory judgment actions).

Finally, since this Court does not have subject matter jurisdiction for the claims asserted in this case through the TIA and/or comity, any remaining state law claims (whether I have failed to address the precise claims above or those claims are subsequently included by an amendment to the Complaint) are not subject to acceptance by exercise of supplemental jurisdiction. See 28 U.S.C. § 1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)

Respectfully submitted by Julie P. Magee, as Commissioner of the Alabama Department of Revenue on January 25, 2016.

/s/ David Avery
_____
DAVID E. AVERY, III, (AVE008)
Deputy Counsel, Department of Revenue
P.O. Box 320001
Montgomery, AL 36132-0001
    Telephone: (334) 242-9690

## **CERTIFICATE OF SERVICE**

I, David E. Avery, III, hereby certify that a copy of the above and foregoing has been served upon:

Mr. James M. Sizemore, Jr., Esq.
6732 Hwy 63, South
Alexander City, AL 35010-6170

Mr. Barry D. Vaughn, Esq.
Post Office Box 2129
Sylacauga, AL 35150-5129

James W. Davis, Esq.
Laura E. Howell, Esq.
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152

Brian Taylor, Esq.
Richard Cater, Esq.
Alabama Department of Finance
600 Dexter Avenue, Ste. E-306
Montgomery, AL 36130

James W. Porter, II Esq.
PORTER, PORTER & HASSINGER, P.C.
215 Richard Arrington Jr. Blvd. N. Ste. 1000
Birmingham, AL 35201

by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on January 25, 2016 or by electronic service as indicated.

/s/ David Avery
_____
DAVID E. AVERY, III