**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| TALLADEGA COUNTY COMMISSION, et al., ] ] ] Plaintiffs, ] ] v. ] **CASE NO.: 1:15-cv-2337-KOB** ] CITY OF LINCOLN, et al., ] ] Defendants. ] ] | |

**MEORANDUM OPINION AND ORDER**

Before the court is the Plaintiffs' "Motion for a New Trial and to Alter or Amend Judgment." (Doc. 33). Because the Plaintiffs' fail to raise grounds that would justify altering the court's order dismissing both counts of their complaint, the court **DENIES** the motion.

**I.   LEGAL STANDARD**

A motion to alter or amend under Fed. R. Civ. P. 59 does not provide a mechanism for a dissatisfied party to re-litigate a matter. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion: "[1] newly-discovered evidence or [2] manifest errors of law or fact." *Id.* at 1343 (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)).

**II.   DISCUSSION**

    **A.   Count One: Challenge to Lincoln's Sales Tax**

The Plaintiffs argue that Alabama's Declaratory Judgment Act does not provide the

1

taxpayers with a plain, speedy, and efficient remedy. Therefore, the Plaintiffs claim that the Tax Injunction Act does not apply. However, this precise argument was briefed by the parties and addressed by the court in its memorandum opinion. *See* (Doc. 31 at 8). The Plaintiffs have not shown either newly-discovered evidence or a manifest error of law or fact. *See Arthur*, 500 F.3d at 1343. Therefore, the Plaintiffs have not carried their burden to show that the court should reconsider its previous decision.

Further, the court notes that even if it accepted the Plaintiff's argument, the claim still should be dismissed. The court also found that the Plaintiff's failed to carry their burden of demonstrating that the remedy provided by the State was inadequate. *Id.* at 10 ("[T]he burden is on the taxpayer to demonstrate the inadequacy of the state's remedy. The Plaintiffs do not carry that burden.") (citations omitted). Even if the Plaintiffs are correct that a declaratory judgment was unavailable to them, their claims still should be dismissed because they have failed to overcome the presumption that the State's remedy provided in the Taxpayer's Bill of Rights is adequate. The Plaintiffs merely repeat their speculative assertions that the remedy is theoretically inadequate, but still do not allege that they attempted to comply with the procedure and were frustrated. For the reasons the court noted in its memorandum opinion, such a failure precludes the court from finding that the state's remedies are inadequate.

Therefore, the court will not reconsider its decision to dismiss Count One of the complaint.

## B. Count Two: Procedural Due Process Claim

To support its motion to alter the court's judgment on the procedural due process claim, the Plaintiffs cite to, *for the first time in all the briefing on this matter*, an 89-year-old case for

2

the proposition that the state law conferring upon municipalities the power to enforce their building ordinances within their police jurisdictions is not self-executing. *See Lewis v. Jenkins*, 112 So. 205, 206 (1927). In *Lewis*, the Alabama Supreme Court dismissed a petition for mandamus to compel city officials to issue a building permit because the petitioner had not alleged that the city had adopted an ordinance conferring authority to issue building permits on a person or body. The question in *Lewis* was not whether a city ordinance needed to explicitly articulate whether it applied within its police jurisdiction as the Plaintiffs argue here. Rather, the question was whether a petitioner for mandamus must plead that the subjects of his action have the authority to confer the relief sought. *See id*. *Lewis* says nothing about the geographic scope of a city's adopted ordinance. Therefore, *Lewis* does not support the Plaintiffs' contention that the court's memorandum opinion contained a manifest error of law.

Again, even if the court accepts the argument advanced by the Plaintiffs in their motion, the procedural due process claim should still be dismissed. While the Plaintiffs have questioned the court's conclusion regarding whether Lincoln's action in issuing the stop-work order was lawful, they have not questioned the finding they were not entitled to a pre-deprivation hearing and that post-depravation remedies were available to them. Therefore, even if Lincoln *deprived* the Plaintiffs of a property interest, the Plaintiffs have still not stated a claim for *violation* of their procedural due process rights. *See McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[A] procedural due process violation is not complete unless and until the State fails to provide due process.") (internal citations omitted).

Because the Plaintiffs had adequate remedies (if they were deprived of a protected interest), they have failed to state a claim for violation of their procedural due process rights.

3

Therefore, the court will not reconsider its decision to dismiss Count Two of the complaint.

## III.   CONCLUSION

Because the Plaintiffs have failed to show manifest errors of law or fact or newly discovered evidence, the court **DENIES** the motion to reconsider its decision.

**DONE** and **ORDERED** this the 11th day of April, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE